# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1428 RLW |
| ) | |
| ADAM C. DU TOIT, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff State Farm Mutual Insurance Company's (State Farm) Motion for Default Judgment. (ECF No. 22). State Farm brought this action against Defendant Adam C. Du Toit under Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it has no duty to defend or indemnify Defendant Du Toit under policies of insurance Nos. 652 8356-25 and 6638103–25 with respect to a motor vehicle collision that occurred on May 11, 2022. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Defendant Du Toit was served with copies of the Summons and Complaint on November 27, 2023. Defendant Du Toit did not file an answer or otherwise respond to the Complaint. On January 9, 2024, the Clerk of Court entered default against Defendant Du Toit, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. State Farm now moves, pursuant to Rule 55(b)(2), for the entry of default judgment against Defendant Du Toit.

### I. Legal Standard

Default judgments are not favored in the law, U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Fed. R. Civ. P. 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2022); Taylor, 859 F.2d at 1332.

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818–19 (8th Cir. 2001).

### II. Discussion

The Court takes the allegations State Farm makes in its Complaint as true. On October 26, 2021, State Farm issued an Auto Insurance Policy, Policy No. 652 8356-D26-25 ("the 2021

2

Policy"), to Lauren Lemp with a policy period running through April 26, 2022.  (ECF No. 1 at ¶ 6 and Ex. A).  On February 5, 2022, Ms. Lemp cancelled the 2021 Policy, stating she was insured by another company. (Id. at ¶ 7).  State Farm confirmed the cancellation in writing and returned the unearned premiums directly to Ms. Lemp.  (Id. at ¶ 8).  On May 11, 2022, Ms. Lemp's resident spouse, Defendant Du Toit, was driving a vehicle owned by Ms. Lemp and previously insured under the 2021 Policy when he was involved in a motor vehicle collision with another vehicle driven by Minor Demarco.  Minor DeMarco's mother, Elaine Mason was a passenger. (Id. at ¶ 9).

On May 13, 2022, two days after the collision, Ms. Lemp applied for a new Auto Policy from State Farm, effective May 12, 2022. (Id. at ¶ 10).  State Farm issued the second policy, Policy Number 663 8103-25 ("the 2022 Policy") to Ms. Lemp, effective May 12, 2022. (Id. at ¶ 11 and Ex. C).

On June 29, 2022, Ms. Mason, on her behalf as well as Next Friend to her minor son, DeMarco, filed suit against Defendant Du Toit for their bodily injuries incurred as a result of the May 11, 2022 collision, stylized <u>Mason v. Du Toit</u>, Case No. 2222-CC05609, in the Circuit Court of the City of St. Louis, St. Louis, Missouri.   (Id. at ¶¶ 14-15).   Defendant Du Toit did not notify State Farm of the suit until October 17, 2022, when he sought defense and indemnity for the collision. (Id. at ¶ 13). Upon notice, State Farm opened a claim and reserved its rights to deny coverage under the 2021 Policy and/or the 2022 Policy. (Id. at ¶ 14).

On November 9, 2023, State Farm filed suit in this Court seeking the following declarations:

1. The 2021 Policy was effectively cancelled on February 5, 2022;

2.  Even assuming, arguendo, that the 2021 Policy was not effectively cancelled on February 5, 2022, which State Farm denies, the 2021 Policy contractually expired on April 26, 2022;

3.  The 2021 Policy was not effective until May 12, 2022, a day after the May 11, 2022 motor vehicle collision; and

4.  State Farm does not have a duty to defend or indemnify Du Toit for any claim arising from the May 11, 2022 collision

State Farm seeks a declaration from the Court as to coverage under the policies. The general rules for contract interpretation apply to insurance contracts. Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 301–02 (Mo. banc 1993). Courts must give the terms of an insurance contract their plain meaning. Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp., 968 F.2d 707, 711 (8th Cir. 1992). Here, the language of the 2021 Policy and the 2021 Policy is unambiguous. It is clear there was no coverage under either policy at the time of the May 11, 2022 collision involving Defendant Du Toit, Minor DeMarco, and Elaine Mason. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. banc. 2007) (finding no coverage under insurance policy as written); Rodriguez v. Gen. Accident Ins. Co. of Am., 808 S.W.2d 379, 382 (Mo. banc 1991) ("where insurance policies are unambiguous, they will be enforced as written."). The Court finds State Farm is entitled to the declaratory relief it requests under Rule 57 and 28 U.S.C. § 2201, Aetna Cas. & Sur. Co., 968 F.2d at 715, and default declaratory judgment is entered in favor of State Farm and against Defendant Du Toit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff State Farm Mutual Insurance Company's Motion for Default Judgment is **GRANTED.**   [ECF No. 22]

A separate Default Judgment shall accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of July, 2024.

5